UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

UNITED STATES OF AMERICA

v.

ELAINE ANN KMIEC,
a.k.a., "Sheila Kopman"

CRIMINAL NO. 19-371

United States Courts
Southern District of Texas
FILED
MAY 21 2019
David J. Bradley, Clerk of Court

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Bankruptcy Fraud, 18 U.S.C. § 157(1))

I. The Bankruptcy Process

1. A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and the person who files that petition is a "debtor" under federal bankruptcy law. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

2. Bankruptcy is a process by which a debtor obtains relief from creditors (those who are owed money by the debtor). The process is designed to achieve an orderly transfer of a debtor's assets to the creditors in return for a discharge or release of the debts that the debtor incurred prior to filing for the bankruptcy. Therefore, it is important for the debtor to truthfully and accurately disclose their assets because a discharge depends upon the debtor's disclosure of a true and accurate picture of his or her financial affairs.

3. Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities, and income.

A bankruptcy "estate" is created upon the filing of a bankruptcy petition, which is a collective reference to all property in which the debtor has an interest.

4. The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms called the "Schedules of Assets and Liabilities," and on a separate bankruptcy form called a "Statement of Financial Affairs." The debtor signs these forms under the penalty of perjury.

5. A bankruptcy trustee is assigned to the bankruptcy case and is responsible for the administration of the debtor's bankruptcy estate, including the identification and liquidation of assets and the distribution of proceeds to creditors.

II. The Scheme and Artifice to Defraud

6. Beginning on or about June 27, 2013, through on or about August 29, 2014, in the Southern District of Texas and elsewhere, the defendant,

ELAINE ANN KMIEC,

devised and intended to devise a scheme and artifice to defraud victim with initials K.V. of three dogs, specifically collies.

7. It was part of the scheme that KMIEC knew she had a poor reputation among dog owners in the greater Houston area due to her history of animal cruelty, and that it was unlikely anyone would agree to sell KMIEC any dogs if they knew her true identity.

8. It was further part of the scheme that KMIEC fraudulently concealed her true identity by falsely claiming to be "Sheila Kopman," in order to conceal her history of animal cruelty, and induce K.V. into selling KMIEC three collies under false pretenses.

9. It was further part of the scheme that when ordered to return the collies to K.V., KMIEC falsely claimed she was not in possession of the collies.

10. It was further part of the scheme that, for the purpose of executing and concealing the scheme and artifice to defraud, KMIEC filed a Chapter 13 petition for bankruptcy under Title 11, United States Code.

III. Violation

11. On or about May 29, 2014, in the Southern District of Texas and elsewhere, the defendant,

ELAINE ANN KMIEC,

having devised and intended to devise a scheme and artifice to defraud victim with initials K.V. of three dogs, specifically collies, and for the purpose of executing and concealing said scheme and artifice and attempting to do so, filed a petition under Title 11, United States Code, that is a Chapter 13 petition for bankruptcy in the U.S. Bankruptcy Court in Houston, Texas, in violation of 18 U.S.C. § 157(1).

COUNT TWO
(False Statement Under Oath, 18 U.S.C. § 152(2))

12. On or about August 29, 2014, in the Southern District of Texas, the defendant,

ELAINE ANN KMIEC,

knowingly and fraudulently made a material false statement under oath in and in relation to a case under Title 11, *Kaufman v. Kmiec*, adv. case no. 14-3216, and *In re: Elaine Ann Kmiec*, case no. 14-32964, by falsely testifying under oath at a hearing before a U.S. Bankruptcy Judge that there were 35 collies at her residence, when in fact the defendant knew that there were substantially more than 35 collies at her residence, in violation of 18 U.S.C. § 152(2).

NOTICE OF CRIMINAL FORFEITURE
28 U.S.C. § 2461(c); 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(2)

13. Pursuant to 18 U.S.C. § 981(a)(1)(C), the United States gives notice to defendant,

ELAINE ANN KMIEC,

that upon conviction of a violation of 18 U.S.C. § 152 as charged in the indictment, all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, is subject to forfeiture.

**Money Judgment And Substitute Assets**

14. The United States gives notice that it will seek a money judgment against the defendant. In the event that one or more conditions listed in 21 U.S.C. § 853(p) exist, the United States will seek to forfeit any other property of the defendant up to the amount of the money judgment.

A TRUE BILL:

Original Signature on File

FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
United States Attorney

Justin R. Martin
Assistant United States Attorney